RONALD K. LOSCH – 98170
MARK R. MEYER - 238231
Kaye, Rose & Partners, LLP
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone:   (415) 433-6555
Facsimile:    (415) 433-6577
Email:         rlosch@kayerose.com

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA--SACRAMENTO DIVISION

| | |
|---|---|
| HYUNDAI MERCHANT MARINE CO. LTD., | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT IN ADMIRALTY** |
| STOCKTON PORT DISTRICT dba PORT OF STOCKTON, | **BREACH OF CONTRACT** <br> **NEGLIGENCE** |
| Defendant. | |

## JURISDICTION AND VENUE

1. This is a case of admiralty or maritime jurisdiction. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. Plaintiff is a corporation incorporated under the laws of South Korea with its principal place of business in Seoul, South Korea.

3. Defendant is a corporation incorporated under the laws of California with its principal place of business in California. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant Port of Stockton is located in San Joaquin County.

## GENERAL ALLEGATIONS

5. Plaintiff Hyundai Merchant Marine Co. Ltd. ("HMM") is a maritime logistics company operating container vessels, including at all times relevant to this Complaint, M/V Tatjana.

6. Defendant Stockton Port District, dba Port of Stockton, (the "Port"), is a special governmental district established under the California Harbors and Navigation Code, Sections 6200 through 6372 that owns and operates docks, transit sheds, and warehouses unloaded cargo from ships.

7. In November 2011, HMM, through its vessel agent, Transmarine Navigation Corp., submitted a Vessel Berth Application to the Port, seeking the arrangement of berthing facilities. The application provided information regarding M/V Tatjana, the anticipated duration of the visit, and the anticipated charges. The Port approved the Vessel Berth Application and authorized M/V Tatjana to call on Berth 10/11 on 28 November 2011.

8. In the process of scheduling M/V Tatjana to utilize the Port's facilities, the vessel agent provided the Port with all of the pertinent information regarding M/V Tatjana including her draft information. The Port verbally advised the vessel agent that the draft at Berth 10/11 would be sufficient for the vessel, and the Port provided various documents to the agent to support its conclusion that the draft was sufficient. In addition, the Port made additional written representations about the draft at Berth 10/11, indicating it was of sufficient size for use by M/V Tatjana.

9. M/V Tatjana arrived at the Port of Stockton on November 28, 2011 at 20:00 hours for discharge of cargo. After securing alongside Berth 10/11 at high tide, when the tide went down, the vessel touched sea bottom and M/V Tatjana could not safely discharge her cargo.

10. After careful consideration of options available to mitigate losses, and in consideration of the safety of the vessel, M/V Tatjana left the Port of Stockton to discharge its cargo at the Port of San Francisco.

11. As a result of the need to find a safe berth to discharge M/V's Tatjana's cargo, Plaintiff suffered damages of $406,375.58 plus interest and investigation costs, attorneys' fees and costs from December 2, 2011.

///

12. On December 7, 2011, Plaintiff presented a claim for damages to the Port. On January 19, 2012, the Port expressly denied the claim.

## FIRST CLAIM

## BREACH OF CONTRACT

13. All prior allegations necessary to state a claim for Breach of Contract are incorporated by reference.

14. The Port and Plaintiff entered into a contract in which Port agreed to providing berthing and associated services to Plaintiff and Plaintiff agreed to make payments for those services. The contract provides that all questions are to be determined according to the laws of the State of California.

15. The Port was contractually obligated to provide HMM with a berth with sufficient capacity to safely unload M/V Tatjana's cargo. The Port warranted that it would perform the contract of providing port facilities and services in a workmanlike manner. The Port warranted that Berth 10/11 was in a safe condition and would allowed the safe ingress and egress of M/V Tatjana and the discharge of her cargo in a safe and customary manner. The Port warranted that its berth had the characteristics and draft sufficient for a ship the size of M/V Tatjana. The Port was obligated to perform the contract in a non-negligent manner and in good faith.

16. HMM performed all of its obligations under the contract.

17. The Port breached its contract and warranties for the supply of berthing and related services, including the obligation to perform in a non-negligent manner, perform in a workmanlike manner, provide a berth in a safe condition, provide berth that permitted the safe discharge of cargo, provide a berth with characteristics and draft sufficient for a ship the size of M/V Tatjana, and to perform all other acts in good faith so that Plaintiff's rights to benefits under the contract were not frustrated.

18. Accordingly, the Port of Stockton is obligated to compensate HMM for the additional costs incurred as a result of this breach. See. Cal. Gov. Code § 814 & Leg. Committee Comment.

19. To the extent the Port has attempted to disclaim liability for damages, its disclaimers do not apply to the present facts, or the declaimers are unenforceable under federal or state law.

20. HMM has incurred, at a minimum, the additional costs as a result of the breach:
    a. Additional Port Charges of $42,099.88
    b. Additional Discharging Costs : $170,561.96
    c. Additional Trucking Charges: $99,593.33
    d. Loss of Use: $77,700
    e. Additional Bunker Consumption: $16,421.41
    f. Inspection of possible grounding damage: $4,215.50
    g. Charges from Owner per Charter Party: $59,852.14
    h. Loss of use of funds

## SECOND CLAIM

## NEGLIGENCE

21. All prior allegations necessary to state a claim for Negligence are incorporated by reference.
22. The Port, as a landowner and commercial enterprise, owed Plaintiff, as a person entering upon land controlled by the Port and employing the Port's services, a duty of care to act in a reasonable manner.  See Cal. Gov. Code § 835.
23. The Port breached its duty by failing to maintain the facilities and berths; failing to inspect the facilities and berths; and directing M/V Tatjana to an inadequate and unsafe berth.
24. Further, the Port failed to make accurate representations regarding the conditions of its facilities, specifically the depth of the water alongside Berth 10/11.
25. The Port knew or should have known that Plaintiff would suffer considerable damage and interference with its economic relationships if the Port negligently provided berthing services; negligently inspected Berth 10/11; or negligently provided inaccurate information regarding Berth 10/11.
26. The Port provided written materials and oral representations regarding the size and characteristics of berths at the Port.  These statements were false.  The Port made these representations without a reasonable basis for believing them to be true. The Port intended for Plaintiff and other consumers of its services to rely upon the statements in deciding to use the facilities of the Port.  Plaintiff was not aware that the statements were false.  Plaintiff

justifiably relied upon these representations in utilizing the Port's facilities, scheduling services at the Port, and docking M/V Tatjana at the Port.

27. As a result, Plaintiff suffered damages. M/V Tatjana touched bottom, was unable to discharge her cargo safely and as scheduled, and was required to be inspected for damage.

## PRAYER FOR DAMAGES

Plaintiff demands Judgment against defendant for

1. $470,444.22 in damages;
2. Prejudgment interest;
3. Attorneys fees;
4. Investigation costs;
5. Costs of suit;
6. For such other relief as the Court deems proper and just.

Date: July 16, 2012                KAYE, ROSE & PARTNERS, LLP

/s/ Ronald K. Losch

---
RONALD K. LOSCH - 98170
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone:  (415) 433-6555
Email:      rlosch@kayerose.com